UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In Re:

                                         Case No. 815-70596-reg

WILLIAM & DALIA KROLEWICZ     (Chapter 7)

                                         **NOTICE OF HEARING**

        Debtors

----------------------------------------------------------x
S I R S:

      PLEASE BE ADVISED that the hearing to consider the motion for permission and authorization to take Bankruptcy Rule 2004 examination, with production of documents, and to extend the time for the Creditor Frank Romano, Esq. to file objections to discharge and/or dischargeability of debt, filed by Frank Romano, Esq. has been scheduled to be held on June 29, 2015 at 9:30 a.m. before the Honorable Robert E. Grossman in Courtroom 860 at the United States Bankruptcy Court for the Eastern District of New York, Long Island Federal Courthouse, Central Islip, New York 11722.

      PLEASE BE FURTHER ADVISED, that any and all opposition papers to the relief sought must be: (a) filed by ECF with the Clerk of the Court and (b) received by the undersigned counsel at the address set forth below, at least three (3) business days
prior to the scheduled hearing date set forth above.

      PLEASE BE FURTHER ADVISED that if you file an objection to the motion for authorization and permission to take a Bankruptcy Rule 2004 examination, with production of documents, and to extend the time to file objections to discharge and/or dischargeability of debt that you must appear at the hearing in the courtroom on June 29, 2015 at 9:30 a.m. to support your objection or the Court may grant the relief requested in the motion papers notwithstanding

your written objection.

Dated:        Hauppauge, New York
                 April 29, 2015

                                      ZINKER & HERZBERG, LLP
                                      Attorneys for Frank Romano, Esq.

                                      By: _/s/Jeffrey Herzberg_____
                                            Jeffrey Herzberg
                                      300 Rabro Drive, Suite 114
                                      Hauppauge, New York 11788
                                      (631) 265-2133

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In Re:

                                        Case No. 815-70596-reg

WILLIAM & DALIA KROLEWICZ      (Chapter 7)

        Debtors
-----------------------------------------------------------x

### MOTION FOR AN ORDER AUTHORIZING BANKRUPTCY RULE 2004 EXAMINATIONS AND FOR AN EXTENSION OF TIME TO FILE OBJECTIONS PURSUANT TO SECTIONS 523 AND 727 OF THE BANKRUPTCY CODE

To The Honorable Robert E. Grossman,
United States Bankruptcy Judge:

      Frank Romano, Esq. ("Romano"), by and through his attorneys, Zinker & Herzberg, LLP. files this motion for an order authorizing and permitting a Bankruptcy Rule 2004 examination of the Debtors William Krolewicz ("William") and Dalia Krolewicz ("Dalia") (William and Dalia are referred to in the aggregate as the "Debtors"), individually, and their children's corporations, with production of the documents, and for an extension of time to file objections pursuant to Sections 523 and/or 727 of the Bankruptcy Code, and states as follows:

      1.     The Debtors filed a voluntary petition for relief under and pursuant to Chapter 7 of Title 11, United States Code (the "Bankruptcy Code") on February 17, 2015 (the "Filing Date").

      2.     The Debtors were examined at a Section 341(a) Meeting of Creditors on March 25, 2015. Unfortunately, the examination of the Debtors at the Section 341(a) Meeting of Creditors was abbreviated as the Chapter 7 Trustee, R. Kenneth Barnard, Esq. had numerous other debtors waiting. Nor did the Debtors proffer any of the underlying documentation to support their responses to the inquiries made during their Section 341(a) Meeting of Creditors.

      3.     The Debtors disclosed, among other things:

      a.      the ownership of numerous real properties, including: (a) a real property where a prior attorney of theirs is now relocating and paying rent; (b) real properties where the Debtors claimed that there is no equity for the Trustee to realize value for the benefit of the creditors of the Estate; and (c) real properties in which they claim the mortgagee had foreclosed their mortgages. In total, the Debtors, jointly, individually or through corporate-related entities owned approximately twenty (20) real properties;

      b.      the Debtors testified that the children had formed three (3) or more businesses, namely: (i) Harmony International Investments (a Google marketing and consulting business), (2) Eaton _____, LLC (I failed to catch the second name (buys and sells real estate); and Multi-Media Direct Advertising (a multi-media direct advertising firm). Additionally, William was employed at Harmony International Investments and Dalia is a real estate sales agent employed by Wizard Realty. The Debtors claimed that they did not advance any moneys, services or other consideration to these entities owned by their children except that William was employed by Harmony International Investments; and

      c.      that they are currently residing in a rental home owned by one of their sons.

      4.      According to the Amended Summary of Schedules, while the Debtors have real property with a value of $359,024.00 (the real property where the former attorney is now residing) and only $7,662.30 in personal property, they have $755,000.00 in secured debt, $47,448.83 in priority claims and $769,447.07 in unsecured claims. The Debtors did not satisfactorily explain in the undersigned counsel's opinion how they had such extensive priority claims and unsecured claims when they only own one (1) real property and essentially no other assets. Where and how did the dissipation of assets occur? A copy of the Amended Summary of Schedules is annexed hereto as Exhibit "A" and is incorporated herein by reference.

5.  It should be further noted that the Debtors testified at their Section 341(a) Meeting of Creditors that they resided in Israel for an extensive period of time, but owned no real property in Israel, nor do they currently have a bank account in Israel notwithstanding that Dalia was employed by ReMax Realty in Israel; the Debtors claimed that they leased an apartment in Israel.  The undersigned counsel was unable to inquire whether the Debtors ever possessed a bank account or other assets in Israel, in their individual name and/or the name of a nominee.  This is especially important as it is believed that Dalia continues to have family living in Israel.

6.  Accordingly, among other things, Romano desires to take an examination of the Debtors, individually, and their son's purported corporations, under oath, and have them produce documentation to reflect that the Debtors truly have no interest in Harmony International Investments, Eatons and/or other business entity, other than William is a mere "employee",  have no assets in Israel, directly or indirectly, etc. and to explain in depth the dissipation of their assets, in accordance with the provisions set forth in Rule 2004 of the Federal Rules of Bankruptcy Procedure.

7.  Bankruptcy Rule 2004(a) provides that: "On motion of any party in interest, the court may order the examination of any entity."  Bankruptcy Rule 2004(b) defines the scope of the examination to include:

> "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge."

In interpreting the provisions set forth in Bankruptcy Rule 2004, <u>In the Matter of Ricker,</u> 2011 Bankr. LEXIS 5255 (Bkrtcy. N.D. Ind. 2011) stated at *1-*2:

> "Rule 2004 of the Federal Rules of Bankruptcy Procedure allows the court to authorize the examination of any entity as 'the acts, conduct, or property, or to the liabilities and financial condition of the debtor or to any matter which may affect the administration of the debtor's estate or to the debtor's right to a discharge.  Fed. R. Bankr. P. Rule 2004(b).

> The opportunity for such an examination is available to 'any party in interest,' Fed. R. Bankr. P. Rule 2004(a), but whether or not the Court allows the examination is a matter committed to its discretion."

(Citations Omitted).

8. Please note that the examinations will be conducted by Romano, a party in interest in this bankruptcy case. Romano is an experienced litigator located in Smithtown, Suffolk County, New York. In fact, Romano was retained by the Debtors pre-bankruptcy in an attempt to evict the former attorney from their real property in Suffolk County. The Debtors still owe moneys to Romano and Romano was listed as a creditor possessing an unsecured claim in the Debtors' bankruptcy schedules.

9. And pending the completion of the examinations referenced above, Romano is further requesting an extension of time for the filing, if any, of objections to discharge and/or dischargeability of debt in accordance with the provisions set forth in Sections 727 and 523 of the Bankruptcy Code respectively. The current deadline is May 26, 2015.

10. No prior request for the relief sought herein has been filed in this or any other Court.

WHEREFORE, Romano respectfully requests this Honorable Court to issue an order: (a) authorizing and permitting a Bankruptcy Rule 2004 examination of the Debtors, individually, and their children's purported business entities and to require them, individually and severally, to produce documentation; and (b) pending the completion of the Bankruptcy Rule 2004 examinations, including the production of documents, for the extension of time to file objections to discharge and/or dischargeability of debt pursuant to Sections 727 and 523 of the Bankruptcy

Code respectively and for such other and further relief as is just and proper.

Dated:    Hauppauge, New York
          April 29, 2015

                                        ZINKER & HERZBERG, LLP.
                                        Attorneys for Frank J. Romano, Esq.

                                        By: _/s/ Jeffrey Herzberg_____
                                             Jeffrey Herzberg
                                        300 Rabro Drive, Suite 114
                                        Hauppauge, New York 11788
                                        (631) 265-2133

**Affirmation of Service**

Jeffrey Herzberg, an attorney duly licensed to practice law in the courts of the State of New York, after being duly sworn on oath, and under the penalty of perjury, affirms that on April 29, 2015 at 9:55 a.m., he mailed a copy of the Notice of Hearing and Motion for Permission and Authorization to Take Bankruptcy Rule 2004 Examination, with Production of Documents, and the Extension of Time to File Objections to Discharge and/or Dischargeability of Debt, with exhibit, by first class mail, postage prepaid, to:

    Michael J. Macco, Esq.
    Macco & Stern, LLP
    135 Pinelawn Road
    Suite 120 South
    Melville, New York 11747

    R. Kenneth Barnard, Esq.
    3305 Jerusalem Avenue
    Wantagh, New York 11793

Dated:    Hauppauge, New York
          April 29, 2015

                                             ___/s/ Jeffrey Herzberg_____
                                             Jeffrey Herzberg